IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JACOB P. PITTS, #M32985, <br> a/k/a JACKIE PITTS, <br><br> Plaintiff, <br> vs. <br><br> LATOYA HUGHES, <br> ANTHONY WILLS, <br> TERRI WINGERTER, <br> LEIGH FROMM, and <br> TERA WILKES, <br><br> Defendants. | Case No. 24-cv-00028-RJD-SMY |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court[1] for consideration of Plaintiff Jackie Pitts' Motion for Preliminary Injunction, filed January 24, 2024 (Doc. 13).[2] Defendants opposed the motion (Doc. 34) and supplemented the record regarding the investigation into Plaintiff's PREA complaint and documentation of her gender dysphoria diagnosis (Docs. 41, 42, 43). Plaintiff filed a reply (Doc. 45).

An evidentiary hearing was held on March 27, 2024; Plaintiff and two IDOC staff members testified. Defendants later supplemented the record on April 1, 2024, with additional documentation on Plaintiff's diagnosis and the modification of her prison ID to reflect her transgender female status (Doc. 48). For the reasons below, Plaintiff's request for preliminary injunctive relief is **DENIED**.

---

[1] This case was assigned to Magistrate Judge Reona J. Daly on May 21, 2024, upon the consent of all parties (Doc. 76). Because the undersigned Judge conducted the evidentiary hearing on the instant motion (Doc. 13), Judge Daly referred the motion to the undersigned for disposition (Doc. 79).

[2] The Court denied the portion of Plaintiff's motion requesting a temporary restraining order on February 16, 2024 (Doc. 16).

1

Plaintiff filed this civil rights action on January 3, 2024 (Doc. 1). She was allowed to proceed with three claims for the alleged denial of access to gender affirming healthcare, placement in a cell with a dangerous inmate who sexually assaulted her, and denial of her protective custody request (Doc. 16). In the instant motion, Plaintiff She seeks injunctive relief to obtain an evaluation for gender dysphoria, gender affirming medical treatment, and a housing assignment separate from Anderson and from others who threatened her safety.

## Discussion

To obtain a preliminary injunction, a plaintiff must establish that (1) her underlying case has some likelihood of success on the merits; (2) no adequate remedy at law exists; and (3) she will suffer irreparable harm without the relief. *See Hoban v. Wexford Health Sources, Inc.*, 731 F. App'x 530, 532 (7th Cir. 2018); *Merritte v. Kessel*, 561 F. App'x 546, 548 (7th Cir. 2014). If a plaintiff meets this burden, the Court must weigh the "balance of harm to the parties if the injunction is granted or denied and evaluate the effect of an injunction on the public interest. *Id.*; *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013).

Regarding the threat to her physical safety from former cellmate Anderson, Plaintiff has satisfied the first element. As to the second factor, Plaintiff would have no adequate remedy at law if Defendants had displayed deliberate indifference to a specific credible threat to her safety. However, Plaintiff has not met her burden to establish she is under a specific, credible, and imminent threat of irreparable harm from Anderson or other inmates if injunctive relief is not granted. During the evidentiary hearing, Lt. Hanks testified that Anderson is in restrictive housing and would be moved to West house when released. Plaintiff is in the East cell house and would be unlikely to encounter Anderson. The status of Plaintiff's request to be kept separate from Anderson ("KSF") was not known to Lt. Hanks.

Plaintiff also requested housing separate from a sizeable group of inmates (gang members

and/or sex offenders) who could potentially harm her. The scope of such relief is beyond what the Court can entertain or order as the Court has no authority to dictate a specific prison placement for Plaintiff. Accordingly, the Court denies this portion of Plaintiff's motion.

Turning to Plaintiff's request for gender affirming healthcare, the evidence produced shows that Plaintiff was diagnosed with gender dysphoria on March 6, 2024 (Doc. 43). She has begun the process of receiving gender affirming treatment, having consented to prescribed hormone therapy with estradiol and spironolactone (Doc. 48). Plaintiff is scheduled to meet with the transgender coordinator regarding access to commissary items. Paperwork has been approved and submitted to update her identification card to reflect her female identity and search preference. *Id.*

While recognition of Plaintiff's gender dysphoria may have been delayed, she is not being denied gender affirming care at this time. As such, she has not established that she will suffer irreparable harm in the absence of an injunction on this matter. Accordingly, Plaintiff's Motion for Preliminary Injunction (Doc. 13) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:** August 12, 2024

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**
