IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JACOB P. PITTS, #M32985,          )
a/k/a JACKIE PITTS,               )
                                  )
        Plaintiff,                )          Case No. 24-cv-00028-RJD[1]
                                  )
v.                                )
                                  )
LATOYA HUGHES, *et al.*,          )
                                  )
        Defendants.               )

**ORDER**

**DALY, Magistrate Judge:**

This matter comes before the Court on Plaintiff's Motion for Ruling on Plaintiff's Preliminary Injunction and for Order Finding Defendants in Contempt (Doc. 77), Motion for Recruitment of Counsel (Doc. 83), and Motion for Contempt (Doc. 84). For the reason set forth below, all motions are **DENIED**.

**<u>Background</u>**

Plaintiff Jacob (Jackie) Pitts, a transgender inmate of the Illinois Department of Corrections ("IDOC"), initiated this action while incarcerated at Menard Correctional Center ("Menard"), alleging deprivation of her constitutional rights under 42 U.S.C. § 1983.[2] Pitts claimed she was sexually assaulted by her cellmate after her protective custody request was denied and that she has

---

[1] This case was assigned to the undersigned for final disposition upon consent of the parties pursuant to 28 U.S.C. §636(c). (Doc. 76).

[2] Plaintiff is no longer incarcerated at Menard. Based on her Notice of Change of Address (Doc. 90) and the IDOC website, she has been released on parole since September 26, 2024. *See* <u>Individual in Custody Search</u>.

been deprived of gender-affirming healthcare. (Doc. 10). She sought declaratory and injunctive relief and monetary damages. *Id.*

After threshold review of Plaintiff's First Amended Complaint under 28 U.S.C. § 1915A, Plaintiff was allowed to proceed on the following claims:

> Count 1:    Eighth Amendment deliberate indifference to serious medical/mental health needs claim against Hughes, Wills, Fromm, and Wilkes for denying Pitts access to gender-affirming healthcare and access to a private shower.[3]
>
> Count 2:    Eighth Amendment deliberate indifference claim against Wingerter, Hughes, and Wills for housing Pitts with Anderson on December 19, 2023, despite knowing that Anderson was a nazi white supremacist and that Pitts identifies as a Black, Jewish transgender woman.[4]
>
> Count 3:    Eighth Amendment claim against Wills and Hughes for failing to protect Pitts from Anderson's December 25, 2023 sexual assault, despite Pitts' request to be placed in protective custody.

(Doc. 16).


**Plaintiff's Motion for Ruling on Plaintiff's Preliminary Injunction and for Order Finding Defendants in Contempt (Doc. 77)**

On January 24, 2024, Pitts filed a Motion for Temporary Restraining Order and Preliminary Injunction, seeking an order requiring Defendants to provide her with gender-affirming healthcare and to ensure her placement in safe housing separate from Anderson, the inmate who sexually assaulted her. (Doc. 13). Judge Yandle, the presiding judge at the time, denied the request for a temporary restraining order on the pleadings and held two hearings on the motion for preliminary injunction. (Doc. 46). Following the second hearing, Judge Yandle

---

[3] Pursuant to Docs. 54, 57, & 75, Tera Wilkes was substituted for designated Defendant John Doe #2, and Leigh Fromm was substituted for designated Defendant John Doe #3.

[4] Defendant Terri Wingerter was substituted for designated Defendant John Doe #1 pursuant to Docs. 54 and 60.

withheld ruling on the motion but ordered Defendants to supplement the record on or before April 1, 2024, with documentation from the Bureau of Identification regarding updating Plaintiff's ID card and any other records to show she is a transgender female for search, showering, commissary, and related matters, and with Plaintiff's medical records regarding provision of hormone therapy and any other gender-affirming care.   Defendants filed a Notice of Compliance with the order on April 1, 2024.   (Docs. 48 and 49).   While ruling on the motion for preliminary injunction was pending, the case was assigned to the undersigned upon the consent of all parties.   (Doc. 76). Thereafter, Plaintiff filed her Motion for Ruling on Plaintiff's Preliminary Injunction and for Order Finding Defendants in Contempt (Doc. 77), seeking further evidentiary proceedings on her pending motion for preliminary injunction.   Because Judge Yandle had conducted the evidentiary hearing on the motion for preliminary injunction, the undersigned referred the pending motion for preliminary injunction (Doc. 13) back to her for ruling.   (Doc. 79).   Thereafter, Judge Yandle entered an order denying the motion for a preliminary injunction.   (Doc. 88).   With respect to Plaintiff's request for gender-affirming medical treatment, Judge Yandle found that Plaintiff was not denied gender-affirming care as she was diagnosed with gender dysphoria on March 6, 2024, and had begun the process of receiving gender-affirming treatment.   *Id.*   Regarding the threat to her physical safety from former cellmate Anderson, Judge Yandle found that there was no evidence of an imminent threat of irreparable harm because Anderson was in restrictive housing and, after his release, would be moved to a housing unit remote from Plaintiff.   *Id.*   Concerning Plaintiff's request to be housed separately from gang members and sex offenders, Judge Yandle noted that this was a remedy outside the Court's authority.   *Id.*

In her Motion for Ruling, Plaintiff stated that she had still not received gender-affirming

treatment, including evaluation for gender-affirming surgery, blood work, or mental health treatment. She further complained that despite being provided with a new prisoner ID, identifying her as "Ge ID-F/Srch-F," she continued to be pat and strip-searched by male officers. She sought an additional evidentiary hearing regarding the status of the request for gender-affirming treatment as well as a ruling on her then-pending motion for a preliminary injunction by Judge Yandle as opposed to the undersigned. She further sought that the Defendants be found in contempt for their alleged failure to comply with Judge Yandle's order dated March 27, 2024. Defendants filed a response asking that Plaintiff's request for injunctive relief be denied because Plaintiff had failed to show a likelihood to succeed on the merits or a likelihood of irreparable harm if preliminary injunctive relief is not granted. (Docs. 82 & 85). Plaintiff filed a reply. (Doc. 86).

Because Plaintiff's motion includes a request for an additional evidentiary hearing regarding the alleged ongoing denial of gender-affirming treatment, the Court construes Plaintiff's motion, at least in part, as a renewed motion for preliminary injunction. A preliminary injunction is an "extraordinary and drastic remedy" for which there must be a "clear showing" that Plaintiff is entitled to relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A CHARLES ALAN WRIGHT, ARTHUR R MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE §2948 (5th ed. 1995)). The purpose of such an injunction is "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988). Plaintiff has the burden of demonstrating: (1) a reasonable likelihood of success on the merits; (2) no adequate remedy at law; and (3) irreparable harm absent the injunction. *Planned Parenthood v. Commissioner of Indiana State Dept. Health*, 699 F.3d 962, 972 (7th Cir. 2012). As to the first hurdle, the Court must determine whether "plaintiff has any likelihood of

success – in other words, a greater than negligible chance of winning." *AM General Corp. v. DaimlerChrysler Corp.*, 311 F.3d 796, 804 (7th Cir. 2002). If Plaintiff meets her burden, the Court must then weigh "the balance of harm to the parties if the injunction is granted or denied and also evaluate the effect of an injunction on the public interest." *Id.* In addition, the Prison Litigation Reform Act provides that a preliminary injunction must be "narrowly drawn, extend no further than necessary to correct the harm . . . ," and "be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). Finally, pursuant to Federal Rule of Civil Procedure 65(d)(2), a preliminary injunction would bind only the parties, their officers or agents, or persons in active concert with the parties or their agents.

In this instance, the Court's analysis of whether Plaintiff has met her threshold burden of demonstrating a need for preliminary injunction is curtailed in light of her parole release. It is well established that when a prisoner is transferred or released from IDOC custody, her claims for injunctive relief are moot, unless the prisoner "can demonstrate that [s]he is likely to be retransferred." *See Easterling v. Pollard*, 528 F.App'x 653, 656 (7th Cir. 2013) (citing *Grayson v. Schuler*, 666 F.3d 450, 451 (7th Cir. 2012); *Vinning-El v. Evans*, 657 F.3d 591, 592 (7th Cir. 2011)); *see also Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996) (citation omitted) (if plaintiff is no longer at prison and subject to complained-of conditions, her request for injunctive relief becomes moot). Only if Plaintiff can show a realistic possibility that she would again be incarcerated at Menard under the conditions described in the complaint would it be proper for the Court to consider injunctive relief. Here, there is no evidence that Plaintiff is likely to be transferred back to Menard, and any notion of that effect would be based on mere speculation. Therefore, her request for preliminary injunction is denied as moot. Plaintiff's request that Judge

Yandle rule on her prior motion for a preliminary injunction has also been rendered moot in light of Judge Yandle's order denying the same.

Turning to Plaintiff's request for the Defendants to be found in contempt for failure to comply with Judge Yandle's order, this request should also be denied. "To hold a party in contempt, the district court 'must be able to point to a decree from the court which 'set[s] forth in specific detail an unequivocal command' which the party in contempt violated." *Stotler & Co. v. Able*, 870 F.2d 1158, 1163 (7th Cir. 1989) (citations omitted). The court does not necessarily need to find a "willful" violation to find a party in contempt, and contempt may be appropriate so long as the party has not been "reasonably diligent and energetic in attempting to accomplish what was ordered." *Id.* (citation and internal quotation marks omitted). However, "[a] district court may not enter an order of civil contempt unless it finds by clear and convincing evidence that a party has violated the express and unequivocal command of a court order." *In re Res. Tech. Corp.*, 624 F.3d 376, 387 (7th Cir. 2010).

At issue here is Judge Yandle's order directing Defendants to supplement the record on or before April 1, 2024, with documentation from the Bureau of Identification regarding updating Plaintiff's ID card and with Plaintiff's medical records regarding provision of hormone therapy and any other gender-affirming care. As set forth above, within the set timeframe, Defendants filed a notice of compliance along with documentation of Plaintiff's gender dysphoria diagnosis and the modification of her prison ID to reflect her transgender status. (Docs. 48 and 49). Thereafter, Judge Yandle denied Plaintiff's motion for preliminary injunction, finding that, while Plaintiff's gender dysphoria diagnosis may have been delayed, Plaintiff was not being denied gender-affirming care at that time. (Doc. 88). While Plaintiff complains that, at the time of her

motion, she had not received blood testing, mental health treatment, or an evaluation for gender-affirming surgery, Plaintiff has failed to point to a court order directing Defendants to do so. Because Plaintiff has not shown by "clear and convincing" evidence that Defendants have failed to comply with a specific court order, an order of contempt is not appropriate.

Accordingly, Plaintiff's Motion for Ruling on Plaintiff's Preliminary Injunction and for Order Finding Defendants in Contempt (Doc. 77) is **DENIED**.

### Plaintiff's Motion for Recruitment of Counsel (Doc. 83)

Prior to her release on parole, Plaintiff filed a motion seeking recruitment of counsel. (Doc. 83). When presented with a request to appoint counsel, the Court must make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so, and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it herself. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).

Plaintiff here is proceeding in forma pauperis and has made reasonable attempts to retain counsel on her own, as demonstrated by the relevant correspondence attached to her motion. (*See* Doc. 83, pp. 3-7). Turning to the next prong of the test, it appears that Plaintiff is competent to litigate this case herself at this early procedural stage. Plaintiff is a college graduate, and her filings with the Court thus far demonstrate her ability to draft concise pleadings and motions and to communicate with the Court coherently and effectively. (*See, e.g.*, Doc. 1, 2, 12, 13, 77, 83, and 84) While Plaintiff states that she is receiving certain medication, including gabapentin, she does not argue that said medication impedes her ability to prosecute this case. Rather, the sole basis for Plaintiff's request for recruitment of counsel is that Menard correctional staff was impeding her ability to prosecute this case by depriving her access to legal material and resources

Page **7** of **10**

in retaliation for the filing of this complaint.   However, Plaintiff has since been released from Menard, and thus, the circumstances that gave rise to Plaintiff's motion are no longer present. Further, at this early procedural stage, litigation will be straightforward and involve the exchange of discovery.   The Court will enter a separate scheduling order that will direct the parties on how to proceed with their initial disclosures, including production of the Plaintiff's relevant grievance history and incident reports by Defendants.   Accordingly, at this stage, Plaintiff's circumstances do not warrant the recruitment of counsel, and her Motion for Recruitment of Counsel is, therefore, **DENIED.**   Plaintiff, however, may renew her motion if there is a change of circumstances.

**Plaintiff's Motion for Contempt (Doc. 84)**

Plaintiff filed a Motion for Contempt due to Menard correctional staff depriving her of her legal materials in retaliation for her filing the instant action and due to Defendants' failure to provide her with necessary medical and mental health treatment.   (Doc. 84).   Plaintiff makes the following requests: (1) the Court enter an Order finding Defendants in contempt; (2) admonish Defendants regarding unlawfully depriving Plaintiff of access to legal materials; (3) entering a deadline by which Defendants are to return legal materials; and (4) sanctioning Defendants by requiring them to pay for the cost of copies of all cases.

The Court will first examine Plaintiff's allegations that Menard Correctional Officers deprived her of all her legal documents, including but not limited to her filings in this case and certain documents produced by defense counsel.   As set forth above, to hold a party in contempt, the district court 'must be able to point to a decree from the court which 'set[s] forth in specific detail an unequivocal command' which the party in contempt violated." *Stotler & Co. v. Able*, 870 F.2d 1158, 1163 (7th Cir. 1989) (citations omitted).   "A district court may not enter an order

of civil contempt unless it finds by clear and convincing evidence that a party has violated the express and unequivocal command of a court order." *In re Res. Tech. Corp.*, 624 F.3d 376, 387 (7th Cir. 2010).

Here, Plaintiff has failed to point to a specific court order that Defendants have violated, and therefore, an order of contempt cannot be entered. Further, to the extent Plaintiff purports to obtain discovery on the merits of this case, the motion must be denied as premature. This case is at an early litigation stage, during which no discovery on the merits is expected between the parties. The Court will enter a separate initial scheduling order setting forth deadlines for the parties' initial disclosures to resolve the issue of exhaustion of administrative remedies. Discovery on the merits will be stayed pending resolution of the exhaustion issue.

Even construing Plaintiff's motion as a request for a preliminary injunction, it still fails. As set forth above, a motion for preliminary injunction is not a proper avenue to pursue additional or unrelated claims. The allegations set forth in Plaintiff's motion for contempt are not related to the claims in this lawsuit. Plaintiff states that Defendant Wills' staff have deprived Plaintiff of legal materials, contending that multiple legal actions have been prejudiced by such deprivation. However, there is no indication that any of the named defendants in this lawsuit were personally involved with the alleged deprivation of legal material. Further, this case concerns treatment for gender dysphoria. Accordingly, the relief sought is not of the same character as the underlying suit – namely, First Amendment access to legal materials and the courts versus an Eighth Amendment deliberate indifference claim regarding treatment for gender dysphoria.

Concerning Plaintiff's allegations that she has still not received mental health treatment for her diagnosed gender dysphoria and that she has been denied necessary medical treatment,

including a procedure on her left eye and treatment for tuberculosis, those requests have been rendered moot in light of Plainitff's subsequent release on parole.   Therefore, Plaintiff's Motion for Contempt (Doc. 84) is **DENIED**.

### Conclusion

For the reasons set forth above, Plaintiff's Motion for Ruling on Plaintiff's Preliminary Injunction and for Order Finding Defendants in Contempt (Doc. 77), Motion for Recruitment of Counsel (Doc. 83), and Motion for Contempt (Doc. 84) are **DENIED**.

**IT IS SO ORDERED**.

**DATED: November 5, 2024**

_s/_ _Reona J. Daly_____

**Hon. Reona J. Daly**
**United States Magistrate Judge**

Page **10** of **10**